GEORGE M. CHAPMAN, Respondent, v. JOHN G. L. BOETCHER, Appellant, Impleaded, etc.

*Sale of real estate under an execution — when it will be set aside because of the inadequacy of the price paid.*

Appeal from an order granting a motion to set aside a sale of real property under executions.

The motion was based on four grounds :

*First.* Because the judgment debtor had, at the time of the issuing of said execution and precept, ample personal property within the county subject to levy and sale under execution, which fact was known to the defendant.

*Second.* Because the property sold consisted of twelve lots of land, and were sold in one parcel.

*Third.* Because the price said twelve lots of land were sold for was grossly inadequate, they having been sold for the trifling sum of $190, and their value being between $30,000 and $40,000.

*Fourth.* Because the property was sold under execution and a precept for costs, and a sale of real estate under a precept for ten dollars costs is illegal.

The order imposed the following terms on the mover, viz.: Ten dollars costs of the motion ; the payment of the original judgment and precept, with interest ; the payment of tax certificates held by defendant, amounting to $303.88, with fifteen per cent interest, amounting to $776.53, and the payment of $750 counsel fees.

The court at General Term said: " The value of the lands, as claimed by the plaintiff, was $40,000 ; as conceded by defendant, was $20,000. They were sold for the sum of $190.

" The general rule is, as stated by counsel for the appellant, that mere inadequacy of price is not a sufficient ground for setting aside a judicial sale. I am not clear, however, that the inadequacy may not be so gross as to justify relief on that ground alone, where the rights of third persons have not intervened. In *Marsh* v. *Lowry* (26 Barb., 197), the sale was set aside because the property brought one-fifth of its value. In *Bixly* v. *Mead* (18 Wend., 611), where property worth $1,000 was sold for twenty-six dollars, the sale was

set aside, though no irregularity appeared. Here the property brought one-hundredth part of its value. However this may be, it is well settled that where gross inadequacy appears the court will take hold of minor irregularities to relieve from the sale. (*Collier* v. *Whipple*, 13 Wend., 224.) In this case the property consisted of city·lots, any one of which should have produced enough to satisfy the judgment, yet the property was sold as an entirety. While this would not render the sale void, it was good ground of relief. (*Griffith* v. *Hadley*, 10 Bosw., 587.) The present case is not distinguishable from the case cited, except that the inadequacy of price here is much more gross.

" The debtor has been guilty of great laches, but the terms imposed upon him at Special Term are ample both for his punishment and the full indemnity of the purchaser."

*Hugo Irish*, for the respondent.

*Jos. A. Burr, Jr.*, for the appellant.

Opinion by CULLEN, J.

Present — BARNARD, P. J., DYKMAN and CULLEN, JJ.

Order vacating sale affirmed, with costs.